**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br>**Sticky's Holdings LLC, *et al.*,**<br>　　　　　　　　　Debtors.1 | Chapter 11<br>Case No. 24-10856 (JKS)<br>Jointly Administered<br>**Obj. Deadline: December 3, 2024 at 4:00 p.m. (ET)**<br>**Hearing Date: December 10, 2024 at 11:00 a.m. (ET)** |

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING**
**LEECH TISHMAN ROBINSON BROG, PLLC**
**TO WITHDRAW AS COUNSEL OF RECORD TO**
**UNSECURED CREDITOR STICKY FINGERS RESTAURANTS, LLC**

TO THE HONORABLE J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE

　　　　Leech Tishman Robinson Brog, PLLC ("LTRB") seeks the entry of an order, a proposed form of which is annexed to this application as **Exhibit A**, pursuant to Rule 9010-2(b) of the Local Rules for the United States Bankruptcy Court, District of Delaware, authorizing LTRB to withdraw as counsel of record to Creditor Sticky Fingers Restaurants, LLC (hereinafter referred to as "SFR") in these cases. LTRB does not believe that it can ethically continue representing SFR as a creditor in these bankruptcy proceedings and in support of its motion to withdraw ("Motion to Withdraw"), states as follows:

---

1 According to documents filed by the Debtors, the Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are as follows: Sticky's Holdings LLC (3586); Sticky Fingers LLC (3212); Sticky Fingers II LLC (7125); Sticky Fingers III LLC (3914); Sticky Fingers IV LLC (9412); Sticky Fingers V LLC (1465); Sticky Fingers VI LLC (0578); Sticky's BK I LLC (0423); Sticky's NJ 1 LLC (5162); Sticky Fingers VII LLC (1491); Sticky's NJ II LLC (6642); Sticky Fingers IX LLC (5036); Sticky's NJ III LLC (7036); Sticky Fingers VIII LLC (0080); Sticky NJ IV LLC (6341); Sticky's WC 1 LLC (0427); Sticky's Franchise LLC (5232); Sticky's PA GK I LLC (7496); Stickys Corporate LLC (5719); and Sticky's IP LLC (4569). The Debtors' mailing address is 21 Maiden Lane, New York, NY 10038.

1

**JURISDICTION AND VENUE**

1. The Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §1334, and the Amended Standing Order of Reference Regarding Title 11 issued by Chief Judge Gregory M. Sleet of the United States District Court for the District of Delaware on February 29, 2012.

2. This is a core proceeding arising under title 11 of the United States Code. See 28 U.S.C. §157(b). The statutory predicate for the relief sought is Local Bankruptcy Rule 9010-2(b).

3. Venue is proper before this Court pursuant to 28 U.S.C §1408.

**BACKGROUND**

4. On April 25, 2024 (the "Petition Date"), the Debtors commenced their Chapter 11 bankruptcy cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code and electing to proceed as Subchapter V debtors as defined in 11 U.S.C. § 1182(1) (hereinafter the "Bankruptcy Cases"). The Debtors continue to operate their businesses and manage their properties as debtors in possession.

5. Prior to the Petition Date, LTRB was retained by SFR in a written Engagement of Legal Services Agreement (the "Engagement Agreement") to represent it as Plaintiff in a proceeding captioned *Sticky Fingers Restaurants, LLC v. Sticky's Holdings, LLC,* Case No. 1:22-cv-05606-JPC-JLC pending in the United States District Court for the Southern District of New York (the "SDNY Case"). The Engagement Agreement was executed by Tom O'Shea, as Acting Chief Executive Officer of SFR, on January 17, 2024.

6. The SDNY Case was commenced by SFR's prior counsel, Tarter Krinsky & Drogin LLP ("Tarter Krinsky") on June 30, 2022 by the filing of a complaint against Sticky's Holdings, LLC alleging claims for: (i) trademark infringement under Section 32 of the Lanham Action, 15 U.S.C. § 1114(1); (ii) unfair competition and false designation of origin under Section 43(a) of the

2

Lanham Act, 15 U.S.C. § 1125(a); and (iii) trademark dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), All of SFR's claims in the SDNY Case arose out of the Defendant, Sticky's Holdings, LLC's, intentional adoption and unauthorized use of Plaintiff's registered mark for "Sticky Fingers" in connection with restaurant services.

7. In or about December 2023, SFR terminated Tarter Krinsky. A Stipulation of Attorney Substitution and Notice of Withdrawal of Appearance of Tarter Krinsky & Drogan LLP as counsel for Plaintiff SFR was filed on December 20, 2023.

8. Pursuant to the Stipulation, Attorney Laura-Michelle Horgan, Esq. was substituted in as lead counsel for SFR in the SDNY Case. At that time, Ms. Horgan was in the process of transitioning her practice to LTRB, her present firm. LTRB is counsel of record to SFR in the SDNY Case. LTRB filed its Notice of Appearance and Request for Services of Papers on behalf of SFR in the Bankruptcy Cases on April 25, 2024 (ECF 21).

9. LTRB provided significant services to SFR in the SDNY Case. Among other things, Ms. Horgan and other attorneys and staff responded to outstanding discovery requests; prepared and defended Mr. O'Shea in a two-day long deposition by the Debtor/Defendant; attended multiple meet-and-confer sessions with opposing counsel; retained a damages expert for SFR; attended Court Conferences; and performed other substantial litigation work necessary to prosecute SFR's claims in the SDNY Case.

10. Additionally, LTRB obtained a necessary extension for expert discovery on behalf of SFR and identified an expert witness. On February 20, 2024, SFR served Plaintiff's Designation of Expert Witness in the SDNY Case Pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure.

11. On April 16, 2024, Defendant Sticky's Holdings LLC's counsel in the SDNY Case filed a motion to withdraw. Magistrate Judge Cott scheduled a Pretrial Conference for April 25, 2024.

12. On the morning of the April 25th Preliminary Conference in the SDNY Case, Sticky's Holdings LLC filed a Notice of Suggestion of Bankruptcy and Automatic Stay of Proceedings in the SDNY Case.

13. Magistrate Judge Cott issued an Order denying the motion to withdraw without prejudice in light of the bankruptcy filing and finding the SDNY Case to be stayed by operation of law under the Bankruptcy Code.

14. At SFR's request, LTRB agreed to represent SFR in connection with the Bankruptcy Cases to preserve SFR's claims against the Debtors for trademark infringement during the pendency of the Bankruptcy Cases.

15. Since the Petition Date, LTRB provided substantial services to SFR in these Bankruptcy Cases. At SFR's direction, LTRB prepared and timely filed Proofs of Claim for up to $96,000,000 against each of the Debtors with exhibits and a Rider that set forth SFR's claims. LTRB also attempted to facilitate settlement discussions between the Debtors and SFR's respective management. In furtherance of the settlement discussions, LTRB and Debtors' counsel negotiated a non-disclosure agreement which was executed by the parties on July 19, 2024.

16. At the same time, however, SFR has failed to honor its payment obligations to LTRB, going back to fees for services rendered prior to the Petition Date. This includes SFR's failure to honor a payment plan which was agreed to by SFR's outgoing CEO, Alex Daunter. Despite SFR's agreement to the repayment terms, the last payment LTRB received from SFR was made on or about July 8, 2024. No further payments have been forthcoming and SFR has indicated

that it is either unable or unwilling to pay LTRB on account of the substantial services LTRB rendered on SFR's behalf. Outstanding obligations due LTRB at this juncture are approximately $80,000.

17. Further conversations between Mr. O'Shea and LTRB's managing partner regarding SFR's outstanding bills failed to resolve the unpaid legal fees. When advised that LTRB would have no choice but to proceed with filing a motion to withdraw as counsel, Mr. O'Shea, took over the settlement discussions with the Debtors. LTRB was not a participant in the settlement negotiations beyond an introductory call with the parties held on July 30, 2024.

18. Despite LTRB not being a participant in the settlement negotiations, SFR subsequently requested LTRB prepare a memo regarding settlement terms[2]. SFR was again notified during a conversation held on September 24, 2024, that failure to fulfill its financial responsibilities to LTRB would result in the filing of a motion to withdraw. Yet SFR has consistently ignored all requests for payment, again claiming SFR was either unable or unwilling to pay the outstanding amounts due LTRB.

19. Despite the breakdown of the relationship between LTRB and SFR, LTRB has continued to honor its obligations to SFR and ensured that SFR timely submitted its ballot with respect to the proposed plan of reorganization and interposed an objection to confirmation of the proposed plan in order to preserve SFR's rights. At the time the confirmation objection was filed SFR was again notified of LTRB's intention to file a motion to withdraw as its counsel.

20. Thereafter, Mr. O'Shea advised LTRB that the Debtors would prepare a settlement agreement. LTRB is unaware of any resolution of SFR and the Debtors' disputes or of any of the

---

[2] Without revealing details that may be subject to privilege as settlement communications, LTRB was not provided with a term sheet or settlement proposal, but rather an email documenting the contents of a conversation held between representatives of SFR and the Debtors.

5

settlement terms and has not been provided with any form of settlement agreement either from SFR or the Debtors.

21. At this juncture, the relationship between LTRB and SFR has become untenable and the working relationship fractured to a point where LTRB is no longer able to effectively represent SFR in these Bankruptcy Cases[3].

## RELIEF REQUESTED

22. By this Motion, LTRB seeks to withdraw as counsel of record to SFR in the Bankruptcy Cases.

## BASIS FOR RELIEF

23. Rule 9010-2(b) of the Local Rules provides:

<u>Withdrawal</u>. An attorney may withdraw an appearance for a party without the Court's permission (i) when such withdrawal will leave a member of the Bar of the District Court appearing as attorney of record for the party, or (ii) when the party (a) has no controversy pending before the Court and (b) the attorney certifies that the party consents to withdrawal of counsel. Otherwise, no appearance shall be withdrawn except by order on a motion duly filed, served on each party and served on the party client by registered or certified mail addressed to the client's last known address, at least fourteen (14) days before the motion is heard by the Court. The filer is not required to confer other than with its party client prior to filing the motion to withdraw.

24. LTRB respectfully submits that good cause exists to allow LTRB to withdraw as counsel to SFR in these Bankruptcy Cases and requests that this Court enter an Order allowing LTRB to withdraw as counsel to SFR in these Bankruptcy Cases pursuant to Local Rule 9010-2(b).

25. Specifically, SFR has taken over its own representation in settlement discussions with the Debtors and kept LTRB in the dark about them. SFR has failed to pay LTRB for services

---

[3] LTRB intends to file a motion to withdraw as counsel in the SDNY Case at such time as the automatic stay is no longer in effect.

6

4895-1391-1536, v. 3

rendered, including failure to honor a payment plan previously agreed to, and has indicated that no payments on account of services rendered will be forthcoming.

26. The combination of a complete breakdown in communication and SFR's failure to pay its legal fees leaves LTRB unable to effectively act on SFR's behalf in these Bankruptcy Cases. However, unless and until LTRB obtains an Order pursuant to 9010-2(b) of the Local Rules allowing it to withdraw as counsel for SFR herein, LTRB will continue to incur fees and expenses that it appears SFR is unwilling to pay.

27. These circumstances have been held to constitute good cause for an order to issue allowing counsel's withdrawal of representation of their client. For example, in *In re: WB Bridge Hotel LLC v. 11 Apple LLC,* 656 B.R. 733 (Br. S.D.N.Y. 2024), reasons for withdrawal can include "'a client's lack of cooperation, including lack of communication with counsel, and the existence of irreconcilable conflict between attorney and client.'" *Id.* at 742 (*citing Farmer v. Hyde Your Eyes Optical, Inc.,* 60 F.Supp.3d 441 (S.D.N.Y. 2014) *quoting, Naguib v. Public Health Solutions*, 2014 WL 2002824, at * 1 (E.D.N.Y. May 15, 2014). Non-payment of fees can also constitute a basis for dismissal. *In re WB Bridge Hotel*, 656 B.R. at 743. Where, as here, a client has refused to communicate or cooperate with its counsel and taken over its own representation in settlement discussions with the Debtor, more than sufficient cause exists for this Court to grant LTRB's motion to withdraw as counsel to SFR as an unsecured creditor in these Bankruptcy Cases.

28. A copy of this motion, the attached Declaration of Laura-Michelle Horgan and proposed order have been provided to SFR in advance of the filing of this Motion to Withdraw.

29. LTRB respectfully submits that it has cause to withdraw from its representation of SFR pursuant to applicable law and the New York Rules of Professional Conduct, which permits a lawyer to withdraw from representing a client for a variety of bases including where the client:

7

"insists upon taking action with which the lawyer has a fundamental disagreement" and "fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." New York Rules of Professional Conduct 1.16(c)(4) and (7).[4] LTRB submits that grounds for withdrawal also exist under the Delaware Lawyer's Rules of Professional Conduct which also permits a lawyer to withdraw if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled" or "the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client". *See* Del. R. Prof. Cond. 1.16(b)(5) and (6). The breakdown in the relationship between SFR and LTRB at this juncture is irreparable and LTRB can no longer effectively act as SFR's counsel.

30. In sum, LTRB is seeking to withdraw from representing SFR because representation of SFR has been made unreasonably difficult such that LTRB cannot carry out its employment effectively and has not been paid for legal services rendered. SFR on its own took over representation of SFR in settlement discussions with the Debtors and has failed to keep LTRB up to date on the settlement terms. SFR has failed to pay LTRB for services rendered from April 2024 to date. LTRB preserved SFR's rights in these Bankruptcy Cases, but LTRB should not be held hostage to SFR and forced to work for free for SFR indefinitely.

31. In sum, LTRB cannot communicate with SFR regarding case strategy, or any other matters, necessary to fulfill its obligations as counsel to SFR in these Bankruptcy Cases which has rendered LTRB's role as SFR's counsel impossible to perform.

---

4 Since the Engagement Agreement is governed by New York law, LTRB has cited the New York Rules of Professional Conduct and case law.

4895-1391-1536, v. 3

**WHEREFORE**, LTRB respectfully requests that this Court authorize LTRB to withdraw as counsel of record to SFR as an unsecured creditor in these Bankruptcy Cases.

Dated:  November 11, 2024

*/s/ Gregory W. Hauswirth*
Gregory W. Hauswirth (DE No. 5679)
CAROTHERS & HAUSWIRTH LLP
1007 N. Orange Street, 4th Floor
Wilmington, DE 19801
Telephone: (302) 332-7181
Email:  ghauswirth@ch-legal.com

*Counsel to Leech Tishman Robinson Brog, PLLC*

-and-

Lori A. Schwartz (admitted *pro hac vice*)
Laura Michelle Horgan (admitted *pro hac vice*)
LEECH TISHMAN
ROBINSON BROG, PLLC
One Dag Hammarskjöld Plaza
885 Second Avenue, 3rd Floor
New York, NY 10022
Telephone: (212) 603-6300
Email: lschwartz@leechtishman.com