**<u>Exhibit B</u>**

Blackline

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Sticky's Holdings LLC, *et al.*, | Case No. 24-10856 (JKS) |
| Debtors.[1] | Jointly Administered |
| | **RE: D.I. 368, 377, 378, 379, ~~& 380~~ & 387** |

**~~FURTHER REVISED~~ FINDINGS OF FACT, CONCLUSIONS OF**
**LAW, AND ORDER CONFIRMING SUBCHAPTER**
**V DEBTORS' MODIFIED FIRST AMENDED PLAN OF REORGANIZATION**

Upon the (i) filing of the above-captioned debtors and debtors in possession (the "Debtors") in the above-captioned subchapter V cases (the "Cases") of the (a) *Subchapter V Debtors' Modified First Amended Plan of Reorganization* [D.I. 368] (as may be further modified, amended or supplemented from time to time, the "Plan")[2] filed on October 21, 2024; (b) the *Declaration of Darlene S. Carlderon with Respect to the Tabulation of Votes on the Subchapter V Debtors' Modified First Amended Plan of Reorganization* [D.I. 377] (the "Voting Declaration"); (c) the *Declaration of Jamie Greer in Support of Confirmation of Subchapter V Debtors' Modified First Amended Plan of Reorganization* [D.I. 379] (the "Confirmation Declaration"); (d) the *Declaration of Zachary Finley in Support of Confirmation of Subchapter V Debtors' Modified First Amended Plan of Reorganization* [D.I. 378] (the "Finley Declaration");

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are as follows: Sticky's Holdings LLC (3586); Sticky Fingers LLC (3212); Sticky Fingers II LLC (7125); Sticky Fingers III LLC (3914); Sticky Fingers IV LLC (9412); Sticky Fingers V LLC (1465); Sticky Fingers VI LLC (0578); Sticky's BK I LLC (0423); Sticky's NJ 1 LLC (5162); Sticky Fingers VII LLC (1491); Sticky's NJ II LLC (6642); Sticky Fingers IX LLC (5036); Sticky's NJ III LLC (7036); Sticky Fingers VIII LLC (0080); Sticky NJ IV LLC (6341); Sticky's WC 1 LLC (0427); Sticky's Franchise LLC (5232); Sticky's PA GK I LLC (7496); Stickys Corporate LLC (5719); and Sticky's IP LLC (4569). The Debtors' mailing address is 21 Maiden Lane, New York, NY 10038.

[2] Capitalized terms used not otherwise defined herein shall have the meanings ascribed to them in the Plan.

(e) the *Brief in Support of Confirmation of Subchapter V Debtors' Modified First Amended Plan of Reorganization* [D.I. 380] (the "Confirmation Brief"); (f) the *Notice of Filing of Plan Supplement* [D.I. 268] (the "Plan Supplement" and with all of these items being hereinafter collectively referred to as the "Plan Filings"); and (ii) the Court having: (a) previously approved the solicitation procedures related to the Plan pursuant to the *Order (I) Scheduling a Hearing on Plan Confirmation and Deadlines Related Thereto: (II) Approving the Solicitation, Notice and Tabulation Procedures and the Forms Related Thereto; and (III) Granting Related Relief* [D.I. 249] (the "Solicitation Order") entered on July 26, 2024, (b) reviewed the Plan Filings, (c) conducted a hearing on confirmation of the Plan (the "Confirmation Hearing"), (d) heard the statements, representations and arguments of the counsel for the Debtors as well as any evidence presented or proffered at the Confirmation hearing, (e) considered the compromises embodied in and contemplated by the Plan, the briefs and arguments regarding confirmation of the Plan, the resolution of certain informal comments to the Plan, the support of various case constituents, including the Subchapter V Trustee, the evidence regarding confirmation of the Plan; and (iii) the Debtors having served the plan solicitation materials, as appropriate and required by the Solicitation Order, and having otherwise complied with the notice requirements and procedures set forth in the Solicitation Order, *see Affidavit of Service* [D.I. 255], the Court hereby FINDS as follows:

A.    Findings and Conclusions.  The findings and conclusions set forth herein and on the record during the Confirmation Hearing constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014.  To the extent any of the findings of fact

constitute conclusions of law, they are adopted as such.  To the extent any of the conclusions of law constitute findings of fact, they are adopted as such.

B.    <u>Exclusive Jurisdiction: Venue; Core Proceeding (28 U.S.C. §§ 157(b)(2) and 1334(a))</u>.  This Court has jurisdiction over these Cases pursuant to 28 U.S.C. §§ 157 and 1334.  Venue in this judicial district was proper as of the Petition Date and continues to be proper pursuant to 28 U.S.C. §§ 1408 and 1409.  Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2)(L), and this Court has the exclusive jurisdiction to consider confirmation of the Plan and enter a final order with respect thereto.

C.    <u>Judicial Notice</u>.  The Court takes judicial notice of the docket of these Cases maintained by the Clerk of the Court and considers all evidence and arguments made, proffered, or adduced at the various hearings held before this Court during the pendency of these Cases.

D.    <u>Burden of Proof</u>.  The Debtors have the burden of proving the elements of Bankruptcy Code section 1191 and the applicable elements of section 1129(a) by a preponderance of the evidence.  The Debtors have met their burden with respect to all applicable elements under Bankruptcy Code sections 1191 and 1129.

E.    <u>Subchapter V of Chapter 11 Petition</u>.  On the Petition Date, the Debtors filed a voluntary petition for relief under subchapter V of chapter 11 of the Bankruptcy Code.  The Debtors have continued as debtors in possession pursuant to Bankruptcy Code sections 1108 and 1184.

F.    <u>Subchapter V Trustee</u>.  On April 30, 2024, the Office of the United States Trustee filed the *Notice of Appointment of Subchapter V Trustee* [D.I. 26], appointing Natasha Songonuga as the subchapter V trustee (the "<u>Subchapter V Trustee</u>") pursuant to Bankruptcy Code section 1183(a) and 28 U.S.C. § 586(a)(3).

G.      Solicitation.  On July 26, 2024, the Court entered the Solicitation Order which approved the solicitation, voting procedures, and deadlines for voting on and objecting to the Plan [D.I. 249].

H.      Plan Supplement.  On August 21, 2024, the Debtors filed the Plan Supplement [D.I. 268].  The Plan Supplement complies with and is consistent with the Bankruptcy Code and the terms of the Plan, and the filing and notice of such document was good and proper and in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the facts and circumstances of these Cases.  All documents included in the Plan Supplement are integral to, part of, and incorporated by reference into the Plan.  Subject to the terms of the Plan, the Debtors reserve the right to alter, amend, update, or modify the Plan Supplement before or after the Effective Date subject to compliance with the Bankruptcy Code and the Bankruptcy Rules, provided that no such alteration, amendment, update, or modification shall be inconsistent with the terms of this Confirmation Order or the terms of the Plan.

I.      Notice.  As set forth in the Voting Declaration, the Debtors transmitted and served the solicitation packages and Ballots in compliance with the Solicitation Order and Bankruptcy Rules, and such transmittal and service were adequate and sufficient.  The Debtors, through their counsel, have provided due, proper, timely, adequate and sufficient notice to all parties required to be given notice of the Confirmation Hearing (including the deadline for filing and serving objections to confirmation of the Plan), in accordance with the Solicitation Order and the Bankruptcy Rules, and all creditors and parties-in-interest have had ample opportunity to appear and be heard with respect thereto, and no other or further notice is required.

J.      Solicitation and Tabulation.  Based on the Voting Declaration, the Debtors properly solicited the Plan and, as such, fully complied with Bankruptcy Code sections 1125

and 1126, Bankruptcy Rules 2002, 3017, and 3018, the Local Rules of Bankruptcy Procedure, and applicable orders of this Court including, without limitation, the Solicitation Order.  The Debtors, through their counsel, solicited and tabulated votes for acceptance or rejection of the Plan fairly, in good faith, and in a manner consistent with Bankruptcy Code sections 1125 and 1126, Bankruptcy Rules 3017 and 3018, the Solicitation Procedures Order, and all other applicable laws and regulations.  The Debtors, Debtors' professionals, and all of their respective directors, officers, employees, members, participants, agents, representatives, partners, affiliates, advisors, and successors or assigns, have acted in good faith within the meaning of Bankruptcy Code sections 1125(e) and 1129(a)(3) and are, thus, entitled to the protections afforded by Bankruptcy Code section 1125(e).

 K. <u>Proper Classification of Claims</u>.  The Plan adequately and properly identifies and classifies all Claims and Equity Interests.  Pursuant to Bankruptcy Code section 1122(a), the Claims and Equity Interests placed in each Class are substantially similar to other Claims and Equity Interests in each such Class.  Pursuant to Bankruptcy Code section 1123(a)(1), valid legal and business reasons exist for the Classes of Claims and Equity Interests under the Plan and such classification does not unfairly discriminate among Holders of Claims and Equity Interests.  The Plan's classification of Claims and Equity Interests is reasonable.

 L. <u>Voting</u>.  The Court finds that holders of General Unsecured Claims (Class 3) are impaired under the Plan and entitled to vote to accept or reject the Plan.  As evidenced by the Voting Declaration, Class 3 voted to accept the Plan. The Court further finds that the Small Business Administration's Secured Claim (Class 1), Other Secured Claims (Class 2), and Equity Interests (Class 4) are unimpaired and, as such, are presumed to have accepted the Plan.

M.    <u>Implementation of the Plan</u>.  Article 2.5 of the Plan provides adequate means for implementation in accordance with Bankruptcy Code section 1123(a)(5).

N.    <u>No Material Plan Modifications</u>.  The Court finds and concludes that any modifications to the Plan as may be set forth in this Confirmation Order or otherwise do not have any material adverse impact on any interested party and are appropriate under the circumstances.

O.    <u>Releases, Exculpations, and Injunctions</u>.  Pursuant to Bankruptcy Rule 3016(c), the Plan describes in specific and conspicuous language all acts to be enjoined by, and identifies the entities that are subject to releases and injunctions provided under the Plan, including without limitation, Articles 7.10, 7.11, 7.12, and 7.13 thereof.  The Court finds that each release, exculpation, and injunction provision, as applicable, set forth in the Plan is: (i) within the jurisdiction of the Court under 28 U.S.C. §§ 1334; (ii) essential to the implementation of the Plan pursuant to Bankruptcy Code section 1123(a)(5) and warranted by the circumstances of these Cases; (iii) an integral element of the Plan; (iv) the product of an arms-length transaction and a critical element of obtaining the support of the various constituencies for Plan support; (v) fair, equitable, and in the best interests of Debtors' estates and their creditors; (vi) important to the overall objectives of the Plan; and (vii) consistent with Bankruptcy Code sections 105, 1123, and 1129, and other applicable provisions of the Bankruptcy Code.

P.    <u>Assumption and Rejection of Executory Contracts</u>.  In accordance with Bankruptcy Code section 1123(b)(2), on the Effective Date, the Debtors shall be (i) be conclusively deemed to have assumed all Executory Contracts identified on the Assumed Contracts List pursuant to Article 2.4 of the Plan or another order of the Court, unless otherwise provided in this Confirmation Order; and (ii) conclusively deemed to have rejected all

Executory Contracts not otherwise identified on the Assumed Executory Contracts List or that has previously been rejected under section 365 of the Bankruptcy Code by an order of the Bankruptcy Court, unless otherwise provided in this Confirmation Order.

Q.    Principal Purpose of the Plan.    The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933. The Plan, thus, satisfies the requirements of Bankruptcy Code section 1129(d).

R.    Subchapter V Plan Deadline.    The Plan complies with Bankruptcy Code section 1189 because the *Subchapter V Debtors' Plan of Reorganization* [D.I. 247] was timely filed within the plan-filing deadline of July 24, 2024.

S.    Subchapter V Plan Content.    The Plan provides the following mandatory content: (i) a brief history of the Debtors' business operations; (ii) a liquidation analysis; and (iii) projections with respect to the Debtors' ability to make payments under the Plan. Accordingly, the Plan complies with Bankruptcy Code section 1190(1).

T.    Satisfaction of Confirmation Requirements.    For the reasons set forth in the Confirmation Declaration, the Debtors have satisfied, and the Plan complies with, all applicable provisions of Bankruptcy Code section 1129(a), which are expressly made applicable by Bankruptcy Code section 1191(b).

a.    The Debtors have complied with all applicable provisions of the Bankruptcy Code, as required by Bankruptcy Code sections 1129(a)(1) and 1129(a)(2).

b.    The Plan was proposed in good faith and not by any means forbidden by law, and, the Debtors have satisfied the good faith requirement under Bankruptcy Code section 1129(a)(3).

7

c.       Any payment made or to be made by the Debtors, for services or for costs and expenses in or in connection with these Cases, or in connection with the Plan and incident to these Cases, has been approved by, or is subject to the approval of, the Court as reasonable, and, thus, the Plan complies with section 1129(a)(4).

d.       Under Article 2.7 of the Plan, the Debtors have disclosed that the Debtors' current CEO, Jamie Greer, will continue as CEO of the Reorganized Debtors.  Meredith Saucci is currently a vice president of the Debtors.  After the Effective Date, Meredith Saucci will assume the duties of CFO for the Reorganized Debtors.  Paul Tuennerman will remain as the Reorganized Debtors' Executive Vice President after the Effective Date.  The Reorganized Debtors will have five (5) managers after the Effective Date, including: (1) Paul Tietz; (2) James Robert Hart; (3) Brian Krumrei; (4) Paul Tuennerman; and (5) vacant (as of the Effective Date). Accordingly, the Plan complies with Bankruptcy Code section 1129(a)(5).

e.       Bankruptcy Code section 1129(a)(6) is inapplicable.

f.       The Debtors' evidence, including their Liquidation Analysis attached to the Plan as **Exhibit C**, Holders of Claims and Equity Interest who do not accept the Plan will receive at least as much under the Plan as such Holders of Claims and Equity Interests would receive in a liquidation under chapter 7 of the Bankruptcy Code. Accordingly, the Plan complies with Bankruptcy Code section 1129(a)(7).

g.       The Small Business Administration's Secured Claim (Class 1) Other Secured Claims (Class 2) and Equity Interests (Class 4) are unimpaired under the Plan and, thus, are presumed to have accepted the Plan.  The General Unsecured Claims (Class 3) are impaired and have voted to accept the Plan.  However, because the Debtors are seeking confirmation pursuant to section 1191(b) of the Bankruptcy Code, section 1129(a)(8) is inapplicable.

8

h.      To the extent that Bankruptcy Code section 1129(a)(9) applies, the Plan may be confirmed.

i.   The Plan, including provisions under Article 2.1, provides for payment of Priority Tax Claims in monthly installments commencing in and completing in or around December 2024, which is in accordance with section 1129(a)(9).

ii.   With respect to Administrative Expense Claims, the Plan provides that all allowed administrative fees and expenses will be paid in full after the Effective Date as soon as practicable pro rata on a monthly basis and in accordance with the Debtors' Disposable Income projections, as it permitted by section 1191(e), unless the Holder agrees or shall have agreed to other treatment of such claim.

iii.   Satisfaction of Administrative Expense Claims under the Plan is in accordance with section 1129(a)(9) and 1191(e).

i.      General Unsecured Claims (Class 3), the only impaired class, voted to accept the Plan.  However, because the Debtors are seeking confirmation pursuant to section 1191(b) of the Bankruptcy Code, section 1129(a)(10) is inapplicable.

j.      Confirmation of the Plan is not likely to be followed by liquidation or need for further financial reorganization of the Debtors, and, thus, Bankruptcy Code section 1129(a)(11) has been satisfied.

k.      Pursuant to the Small Business Reorganization Act of 2019, the Debtors are not required to make quarterly payments to the U.S. Trustee in accordance with 28 U.S.C. § 1930(a)(6)(A).

9

l.      Bankruptcy Code sections 1129(a)(13)–(16) do not apply to the Plan.

m.      The Plan does not unfairly discriminate and is fair and equitable, within the meaning of Bankruptcy Code section 1191.

i.      Bankruptcy Code section 1191(c)(1) is inapplicable because the class of secured claims is unimpaired.

ii.      As of the Effective Date of the Plan, the Plan provides that all projected Disposable Income of the Debtors to be received in a three (3) year period beginning on the First Distribution Date will be applied to make payments under the Plan.

iii.      There is a reasonable likelihood that the Debtors will be able to make all of the payments under the Plan.

iv.      The Plan provides appropriate remedies to protect Holders of Claims and Equity Interests in the event that Plan payments are not made.

U.      <u>Requirements for Confirmation Are Satisfied</u>.  The Debtors have satisfied all of the requirements for Confirmation of the Plan under Bankruptcy Code section 1191. Confirmation of the Plan is in the best interests of the Debtors' estate, the Debtors' creditors, and all other parties in interest.

V.      <u>US Foods Settlement</u>.  Entry into the US Foods Settlement is a sound exercise of the Debtors' business judgment, and is in the best interests of the Debtors' Estates.

W.      <u>Equity Raise</u>.  In October 2024, the Equity Raise was fully consummated.

X.      <u>No Default</u>.  The Debtors shall not be in default under the Plan if Distributions are made pursuant to the terms of the Plan.

Now, THEREFORE, in view of the foregoing, FINDINGS, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1.      <u>Incorporation of Findings</u>.  The foregoing findings are hereby incorporated into and form an integral part of this Confirmation Order.

2.      <u>Notice of Confirmation Hearing</u>.   Notice of the Confirmation Hearing was: (i) appropriate and satisfactory based upon the circumstances of these Cases and (ii) in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable nonbankruptcy law.

3.      <u>Plan Modifications</u>.   Any modification of the Plan set forth in this Confirmation Order or otherwise do not have any material adverse impact on any interested party, and may be implemented without further notice, hearing, or solicitation, and are appropriate under the circumstances.   In accordance with Bankruptcy Code section 1127 and Bankruptcy Rule 3019, all Holders of Claims who voted to accept the Plan are deemed to have accepted the Plan as modified hereby.

4.      <u>Objections</u>.   For the reasons stated on the record, any objections to Confirmation of the Plan that have not been withdrawn, resolved, waived, or settled are overruled on the merits.

5.      <u>Plan Confirmation</u>.  The Plan is hereby CONFIRMED in its entirety under Bankruptcy Code section 1191(b).

6.      <u>Approval of Plan Releases, Exculpations, and Injunctions</u>.  Each release, exculpation, and injunction provision set forth in the Plan is hereby approved.

7.      <u>Assumption and Rejection of Executory Contracts</u>.  In accordance with Bankruptcy Code section 1123(b)(2), upon entry of the Confirmation Order, the Debtors will be

(i) conclusively deemed to have **assumed all Executory Contracts identified on the Assumed Contracts List** pursuant to Article 2.4 of the Plan or another order of the Court, unless otherwise provided in this Confirmation Order; and (ii) conclusively deemed to have rejected all Executory Contracts not otherwise identified on the Assumed Executory Contracts List **or that has previously been rejected under section 365 of the Bankruptcy Code by an order of the Bankruptcy Court.**

8. <u>Rejection Claim and Related Rejection Claims Bar Date</u>. A proof of claim arising from the rejection of an Executory Contract or unexpired lease (such claim, a "<u>Rejection Claim</u>") included on the Rejection Contract List must be filed with the Court and served upon counsel for the Debtors on or before the date that is thirty (30) days after the first of (i) the Effective Date; or (ii) the effective date of rejection of such Executory Contract or unexpired lease (the "<u>Rejection Claims Bar Date</u>"). Any and all Rejection Claims not filed on or before the Rejection Claims Bar Date shall be automatically disallowed and forever barred in their entirety and shall not be enforceable against the Debtors, the Debtors' estate, or their respective properties or interests in property as agents, successors, or assigns.

9. <u>Rights with Respect to Hoboken Lease, Bergen Town Center Lease, and Yonkers Lease</u>. For the avoidance of doubt, and subject to the occurrence of the Effective Date, with respect to the *Lease Agreement between SRI-WSA Properties I, LLC and Sticky's NJ IV LLC,* dated April 13, 2021 (the "<u>Hoboken Lease</u>"), the *Lease between UE Bergen Mall Owner LLC and Sticky's NJ I LLC*, dated October 16, 2018 (the "<u>Bergen Town Center Lease</u>"), and the *Lease Agreement By and Between Brooks Shopping Centers, LLC and Sticky's WC 1 LLC*, dated December 30, 2021 (the "<u>Yonkers Lease</u>"), each of which appear on the Assumed Contracts List, nothing in the Plan or this Confirmation Order to the contrary (including any release, injunction,

12

or discharge provisions of the Plan), shall modify the obligations of the Debtors or the Reorganized Debtors, as applicable, to pay or perform when due in the ordinary course in accordance with the terms of the Hoboken Lease, Bergen Town Center Lease, or Yonkers Lease, as applicable, including the following: (i) any accruing or accrued amounts owed under the Hoboken Lease, the Bergen Town Center Lease, or the Yonkers Lease, as applicable, that are unbilled or not yet due as of the Effective Date, irrespective of whether such charges relate to periods prior to or after the Effective Date, such as for common area maintenance, insurance, taxes, and similar charges, and any regular or periodic ordinary course year-end adjustments and reconciliations of such charges provided for under the terms of the unexpired lease, to be paid as such charges become due in the ordinary course in accordance with the terms of the Hoboken Lease, the Bergen Town Center Lease, or the Yonkers Lease, as applicable; (ii) any percentage rent that may come due under the Hoboken Lease, the Bergen Town Center Lease, or the Yonkers Lease, as applicable; (iii) any repair and maintenance, or insurance obligations, or such other obligations, indemnification or otherwise (if any), that arise from third-party claims asserted with respect to or arising from the Debtors' use and occupancy of the premises prior to the Effective Date for which the Debtors had a duty to indemnify such landlord pursuant to the Hoboken Lease, the Bergen Town Center Lease, or the Yonkers Lease, as applicable, (iv) the Debtors' or Reorganized Debtors' obligation to pay any postpetition expenses under such unexpired leases as they come due under the Hoboken Lease, the Bergen Town Center Lease, or the Yonkers Lease, as applicable; and (v) any unpaid cure amounts or post-assumption obligations under the Hoboken Lease, the Bergen Town Center Lease, or the Yonkers Lease, as applicable.

10.     <u>Guaranties with Respect to Hoboken Lease and Bergen Town Center Lease</u>.  For the avoidance of doubt, for any guaranty executed by the Debtors with respect to the Hoboken Lease and Bergen Town Center Lease, notwithstanding anything to the contrary set forth in the Plan or this Confirmation Order, none of the Plan releases, injunction, or discharge provisions shall release, enjoin or discharge the Debtors' or Reorganized Debtors', as applicable, obligations to perform under any such guaranty, or preclude SRI-WSA Properties I, LLC  or UE Bergen Mall Owner LLC, as the case may be,  from pursuing any action or claims against the Debtors or Reorganized Debtors, as applicable, or enforcing any of such landlord's rights under such guaranty, which guaranties will remain in place in their entirety, except as modified by separate written agreement with the Debtors or Reorganized Debtors, as applicable, and such landlord counterparty, and all of the Debtors' or Reorganized Debtors', as applicable, obligations and/or liabilities arising thereunder are hereby reaffirmed in their entirety, not discharged, and shall survive Plan confirmation.

11.     <u>Binding Effect</u>.  Effective as of the entry of this Confirmation Order, but subject to applicable due process rights and the occurrence of the Effective Date, to the fullest extent of applicable law including, without limitation, Bankruptcy Code section 1141, the Plan and this Confirmation Order shall be binding on: (i) the Debtors; (ii) all Holders of Claims and Equity Interests, irrespective of whether such Claims and Equity Interests asserted or unasserted, manifested or unmanifested or known or unknown; and (iii) each person or entity acquiring property under the Plan.  Additionally, entry of this Confirmation Order is deemed consent by any counterparty to an Executory Contract or unexpired lease to the assignment of Debtors' rights, title, and interest in such Executory Contract or unexpired lease, and as evidence of such consent, a copy of this Confirmation Order may be filed with any and all applicable state,

federal, or other governmental or regulatory authority and/or in any applicable governmental record.

12.     <u>Discharge</u>.  Because the Plan is confirmed under Bankruptcy Code section 1191(b), after the Debtors file a Motion for Final Decree contemplated in paragraph 29, the Debtors shall receive a discharge as to any debt that arose before entry of this Confirmation Order on the Last Distribution Date in accordance with Bankruptcy Code section 1192, which is expected to be in Q4 2027.

13.     <u>Post-Confirmation Business Operations</u>.  The Debtors are authorized to operate their businesses and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules, and in all respects as if there were no pending Cases under any chapter or provisions of the Bankruptcy Code.  Except as otherwise expressly set forth in the Plan, the Debtors may also settle or compromise any Claims without Court approval.

14.     <u>Debtors' Authorization</u>.  The Debtors are hereby authorized and fully empowered to take any and all actions as may be necessary and appropriate to consummate, effectuate, and implement the Plan and all transactions contemplated thereby.

15.     <u>Rights of Holders of Allowed Claims</u>.  All rights of Holders of Allowed Claims, including, without limitation, the right to receive a Distribution on account of such Claim(s), shall hereinafter be limited solely to the right to receive such Distribution only to the extent and as expressly provided in this Confirmation Order and under the Plan.

16.     <u>Notice of Effective Date and Related Deadlines</u>.  In accordance with the terms of the Plan and as soon as reasonably practicable after the Effective Date, the Debtors shall file a notice of occurrence of the Effective Date (the "<u>Notice of Effective Date</u>") with the Court

and serve it upon all known creditors and parties required to receive notice pursuant to Bankruptcy Rule 2002. As applicable, the Notice of Effective Date shall further set forth the Rejection Claims Bar Date, Administrative Expense Bar Date, and Professional Fee Bar Date, each as set forth and defined in the Plan.

17. <u>Administrative Expense Bar Date</u>. All parties shall file any and all requests for allowance and payment of Administrative Expense Claims incurred on or before the day immediately preceding the Effective Date pursuant to Bankruptcy Code section 503, other than Professional Fee Claims, on the first Business Day that is thirty (30) days after the Effective Date. Administrative Expense Claims filed after the Administrative Expense Claims Bar Date shall be disallowed and forever barred in their entirety.

18. <u>Professional Fee Bar Date</u>. All Professionals shall file any and all final applications for allowance and payment of fees, costs, and expenses incurred through and including the Effective Date pursuant to Bankruptcy Code sections 330, 331, or 1103 on the first Business Day that is sixty (60) days after the Effective Date, *i.e.*, the Professional Fee Bar Date. Professional Fee Claims filed after the Professional Fee Bar Date shall be disallowed and forever barred in their entirety.

19. <u>Re-vesting of Property</u>. Pursuant to Bankruptcy Code section 1141(b), except as otherwise provided in the Plan or in this Confirmation Order, as of the Effective Date, all of the property of the estate vests in the Reorganized Debtors. Except as provided in Bankruptcy Code sections 1141(d)(2) and (3), and except as otherwise provided in the Plan or in this Confirmation Order, after confirmation of the Plan, the property dealt with by the Plan is free and clear of all Claims and interests of creditors.

20.     Subchapter V Trustee.   Pursuant to Bankruptcy Code section 1194(b), after the Debtors file a Motion for Final Decree contemplated in paragraph 29, the Subchapter V Trustee shall be discharged on or around the Last Distribution Date.   The Subchapter V Trustee is authorized, but not required, to make Distributions under the Plan in cooperation with the Reorganized Debtors.  The Subchapter V Trustee shall provide the Reorganized Debtors with quarterly invoices to be paid by the Reorganized Debtors, without further order of the Court, upon 21 days' notice.

21.     US Foods Settlement.   Pursuant to Bankruptcy Rule 9019 and Section 1123 of the Bankruptcy Code, the US Foods Settlement is hereby approved in all respects.   The Debtors and US Foods are authorized to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate the US Foods Settlement and perform any and all obligations contemplated therein.   The Debtors are hereby authorized and empowered to take any and all steps necessary and appropriate to effectuate the terms of this Order.   The terms of the US Foods Settlement shall be binding upon US Foods and the Debtors, and their respective successors and assigns, including the Debtors' Estates and its Creditors.

22.     Condition Precedent to Effective Date Satisfied.   The "Condition Precedent to the Effective Date," as set forth in Article 8 of the Plan, has been satisfied.

23.     Post-Confirmation Reporting.   The Debtors shall file quarterly post-confirmation reports, served on the U.S. Trustee and the Subchapter V Trustee on or before the 20th day after the end of the calendar quarter.   The reporting shall include, at a minimum, the following information:

a.   the bank name & account type of the Debtors' bank accounts;

17

b.  the name of the person with signatory authority over the accounts;

c.  any investments (general type), if any, and where those investments are located;

d.  Plan disbursements during the reporting period (by class); and

e.  cumulative Plan disbursements to date.

24.    <u>Amendments/Headings</u>.  This Confirmation Order may be amended or supplemented only upon further, final order of the Court.  The headings used herein are for ease of reference only and shall not be used in interpreting this Confirmation Order.

25.    <u>Retention of Jurisdiction</u>.  Notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, this Court shall retain jurisdiction over all matters arising in, arising under, or related to these Cases to the fullest extent legally permissible.

26.    <u>Successors/Assigns</u>.  This Confirmation Order shall be binding upon, and inure to the benefit of, the Debtors' successors, designees, assigns, beneficiaries, executors, administrators, and/or personal representatives.

27.    <u>Conflicts Between this Confirmation Order and the Plan</u>.  The provisions of the Plan and this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purpose of each; *provided*, *however*, that if there is determined to be any inconsistency between any Plan provision and any provision of this Confirmation Order that cannot be so reconciled, then solely to the extent of such inconsistency the provisions of this Confirmation Order shall govern.  The provisions of this Confirmation Order are integrated with each other and are non-severable and mutually dependent unless expressly stated by further order of this Court.

28.    <u>Finality and Immediate Effect of Confirmation Order</u>.  This Confirmation Order (i) is a Final Order and the period in which an appeal must be filed shall commence upon the entry hereof; and (ii) notwithstanding the applicability Bankruptcy Rule 3020(e), shall be immediately effective and enforceable upon the entry hereof.  The failure to reference or address all or part of any particular provision of the Plan herein has no effect on the validity, binding effect, or enforceability of such provision and such provision has the same validity, binding effect, and enforceability as every other provision of the Plan.

29.    <u>Final Decree</u>.  Once the Debtors' estate has been fully administered, as provided in Bankruptcy Rule 3022, the Reorganized Debtors, or such other parties as the Bankruptcy Court designates, shall file a motion with the Bankruptcy Court to obtain a final decree to close the Case.  Alternatively, the Bankruptcy Court may enter such a final decree on its own motion.

30.    <u>Notice</u>.  Within five (5) business days of the entry of this Confirmation Order, the Debtors shall transmit a copy of this Confirmation Order via first class mail with postage prepaid to all of Debtors' known creditors and parties-in-interest.  Such notice shall be adequate under the circumstances and shall be sufficient to meet the requirements necessary for due process and Bankruptcy Rule 2002(f)(7).

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Sticky's Holdings LLC, *et al.*, | Case No. 24-10856 (JKS) |
| Debtors.[1] | Jointly Administered |
| | **RE: D.I. 368, 377, 378, 379, ~~& 380~~ & 387** |

<u>NOTICE OF EFFECTIVE DATE</u>

  **PLEASE TAKE NOTICE** that, on \_\_\_, 2024, the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") entered the *Findings of Fact, Conclusions of Law, and Order Confirming Subchapter V Debtors' Modified First Amended Plan of Reorganization* [D.I. \_\_] (the "<u>Confirmation Order</u>").[2]

  **PLEASE TAKE FURTHER NOTICE** that, each of the conditions precedent to the effectiveness of the Plan occurred in accordance with the provisions of the Plan. Accordingly, the Plan went effective on _____ (the "<u>Effective Date</u>").

  **PLEASE TAKE FURTHER NOTICE** that pursuant to Article 3 of the Plan, the First Distribution Date shall be, and Distributions under the Plan shall commence on,_____.

  **PLEASE TAKE FURTHER NOTICE** that the Plan and its provisions, including the release, exculpation, and injunction provisions, are binding on, among others, the Debtors, all Holders of Claims and Interests (irrespective of whether such Claims or Interests are impaired under the Plan or whether the Holders of such Claims have voted to accept or reject the Plan), each person or entity acquiring property under the Plan, and any and all non-Debtor parties to executory contracts and unexpired leases with the Debtors, as provided in the Plan.

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are as follows: Sticky's Holdings LLC (3586); Sticky Fingers LLC (3212); Sticky Fingers II LLC (7125); Sticky Fingers III LLC (3914); Sticky Fingers IV LLC (9412); Sticky Fingers V LLC (1465); Sticky Fingers VI LLC (0578); Sticky's BK I LLC (0423); Sticky's NJ 1 LLC (5162); Sticky Fingers VII LLC (1491); Sticky's NJ II LLC (6642); Sticky Fingers IX LLC (5036); Sticky's NJ III LLC (7036); Sticky Fingers VIII LLC (0080); Sticky NJ IV LLC (6341); Sticky's WC 1 LLC (0427); Sticky's Franchise LLC (5232); Sticky's PA GK I LLC (7496); Stickys Corporate LLC (5719); and Sticky's IP LLC (4569). The Debtors' mailing address is 21 Maiden Lane, New York, NY 10038.

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Confirmation Order or the *Subchapter V Debtor's Second Amended Plan of Reorganization* [D.I. 121] (the "<u>Plan</u>"), as applicable.

**PLEASE TAKE FURTHER NOTICE** that in accordance with paragraph 17 of the Confirmation Order, any and all requests for allowance and payment of Administrative Expense Claims and proof of such Administrative Expense Claim, unless otherwise expressly set forth in the Plan or Confirmation Order, must be filed with the Bankruptcy Court and served on counsel for the Debtors no later than _____ (the "Administrative Expense Bar Date"). Holders of Administrative Expense Claims filed after the Administrative Expense Claims Bar Date shall be forever barred from asserting such Administrative Expense Claims against the Reorganized Debtors or their former estate.

**PLEASE TAKE FURTHER NOTICE** that all Professionals' final fee applications (the "Final Fee Applications") must be filed no later than _____(the "Final Fee Application Deadline"). If a Professional does not timely submit a Final Fee Application by the Final Fee Application Deadline, such Professional shall be forever barred from seeking payment of such Professional Fee Claim from the Reorganized Debtors or its former estate.

**PLEASE TAKE FURTHER NOTICE** that the Rejection Claim Bar Date with respect to the Plan shall be _____.

**PLEASE TAKE FURTHER NOTICE** that notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court retains jurisdiction over these Chapter 11 Cases after the Effective Date to the fullest extent legally permissible, including, without limitation, with respect to all matters specified in Article 7 of the Plan.

**PLEASE TAKE FURTHER NOTICE** that copies of the Confirmation Order and Plan may be obtained by contacting Kurtzman Carson Consultants LLC dba Verita, the administrative advisor (the "Administrative Advisor") retained by the Debtors in this chapter 11 case by: (a) calling the Administrative Advisor at (866) 967-1783 (Toll Free) or +1 (310) 751-2683 (International); (b) e-mailing the Administrative Advisor at Stickysinfo@veritaglobal.com with a reference to "In re: Sticky's Holdings LLC - Solicitation Inquiry" in the subject line; or (c) writing to the Administrative Advisor at Sticky's Inquiries, c/o Kurtzman Carson Consultants LLC, 222 N. Pacific Coast Hwy., Ste. 300, El Segundo, CA 90245. You may also obtain copies of any pleadings filed with the Court for free by visiting the Debtors' restructuring website, https://www.veritaglobal.net/stickysholdings, for a fee via PACER at: http://pacer.psc.uscourts.gov.

Dated: November ___, 2024
        Wilmington, Delaware

**PASHMAN STEIN WALDER HAYDEN, P.C.**

*/s/ DRAFT*_____
John W. Weiss (No. 4160)
Joseph C. Barsalona II (No. 6102)
824 North Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 592-6496
Email: jweiss@pashmanstein.com
        jbarsalona@pashmanstein.com

-and-

Amy M. Oden (admitted *pro hac vice*)
Katherine R. Beilin (admitted *pro hac vice*)
Court Plaza South, East Wing
21 Main Street, Suite 200
Hackensack, NJ 07601
Telephone: (201) 488-8200
Email: aoden@pashmanstein.com
        kbeilin@pashmanstein.com

*Counsel to the Debtors and
Debtors in Possession*

| Summary report:<br>Litera Compare for Word 11.3.0.46 Document comparison done on<br>11/12/2024 5:35:40 PM | |
|---|---|
| **Style name:** Default Style | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://cloudimanage.com/IMANAGE/4358227/1 | |
| **Modified DMS:** iw://cloudimanage.com/IMANAGE/4358227/2 | |
| **Changes:** | |
| Add | 5 |
| Delete | 3 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 8 |