**Exhibit 1**

**Letter of Intent
For
Funding Of Proposed Modified Plan of Reorganization For Sticky's Holdings LLC and
Related Debtors**

**March 30, 2025**

This Non-Binding Letter of Intent (the "**Non-Binding LOI**") summarizes certain terms of a proposed modification of the Reorganized Debtors' (defined below) Confirmed Plan (defined below) to be funded by the Proponent (defined below) and proceeds of the assignment and sale of the **Purchased Assets** (as defined below), including certain details of the proposed modification to the Confirmed Plan, all of which are set out below (collectively, the "**Proposed Transaction**").

Subject to the Proponent's sole and absolute discretion and the completion and filing of definitive documents detailing the Proposed Transaction in form and substance mutually acceptable to the parties, it is anticipated that the Proposed Transaction would be structured as modification of the Confirmed Plan (defined below) and confirmation of the Modified Plan (as defined herein) and entry of an order of the Bankruptcy Court (defined below) approving the same, all in accordance with the terms and conditions set forth herein and as to be mutually agreed by the parties and subject to the conditions precedent to the Proposed Transaction.

With the exception of Sections titled ["First Earnest Money Deposit," "Second Earnest Money Deposit," "Continuation of Conversion Motion," Modification of Confirmed Plan," and the "Miscellaneous Provisions"] (which provisions shall be legally binding obligations of the parties upon execution), this Non-Binding LOI: (i) is not an offer capable of acceptance and does not create legally binding obligations on either party, and (ii) does not express an agreement between the parties with respect to the subject matter hereof and is not meant to be legally binding upon either party now, or at any time in the future. Except as otherwise provided herein, nothing contained herein shall be a binding obligation of the parties unless and until the definitive agreements with respect to the Proposed Transaction are approved by Final Order[1] of the Bankruptcy Court.

---

[1] Final Order has the meaning ascribed to such term in the Confirmed Plan

| Summary of Proposed Transaction ||
|---|---|
| **Proponent of Modified Plan** | Harker Palmer Investors LLC (hereinafter, "**Proponent**") or, as applicable, its designee (hereinafter, "**Newco**"). |
| **Reorganized Debtors** | Sticky's Holdings, LLC ("**Sticky's**); Sticky Fingers LLC (3212); Sticky Fingers II LLC (7125); Sticky Fingers III LLC; Sticky Fingers IV LLC; Sticky Fingers V LLC; Sticky Fingers VI LLC; Sticky's BK I LLC; Sticky's NJ 1 LLC; Sticky Fingers VII LLC; Sticky's NJ IILLC; Sticky Fingers IX LLC; Sticky's NJ III LLC; Sticky Fingers VIII LLC; Sticky NJ IV LLC; Sticky's WC 1 LLC; Sticky's Franchise LLC; Sticky's PA GK I LLC; Stickys Corporate LLC; and Sticky's IP LLC (the "**Reorganized Debtors**") are the Reorganized Debtors pursuant to the *Subchapter V Debtors' Modified First Amended Plan Of Reorganization* [Docket No. 368] (the "**Confirmed Plan**") confirmed by the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") presiding over the Reorganized Debtors' Chapter 11 cases styled *In re Sticky's Holdings LLC, et. al.,* (Case No. 24-10856 (JKS) (the "**Chapter 11 Cases**"), pending in the Bankruptcy Court, pursuant to the entered *Findings of Fact, Conclusions of Law, and Order Confirming Subchapter V Debtors' Modified First Amended Plan of Reorganization* [Docket No. 398] (the "**Confirmation Order**"), which Confirmed Plan became effective on November 29, 2024 (the "**Effective Date**") as set forth in the *Notice of Effective Date* [Docket No. 431]. |
| **Bankruptcy Court Approval of Non-Binding LOI** | Upon approval of this Non-Binding LOI by the Board of the Reorganized Debtors, the Reorganized Debtors shall promptly seek, on shortened time, Bankruptcy Court approval of this Non-Binding LOI. |
| **First Earnest Money Deposit** | Upon execution of this Non-Binding LOI by the Reorganized Debtors, the $150,000 previously contributed to the Reorganized Debtors by the Proponent shall be deemed to be the First Earnest Money Deposit hereunder and shall be non-refundable and available to the Reorganized Debtors to pay the Reorganized Debtors fees and expenses as follows: (i) first, the Reorganized Debtors' counsel shall apply the funds to the Reorganized Debtors' professional fees and expenses incurred from and after March 4, 2025; and (ii) second, if funds remain after application of clause (i), the remaining amounts shall be transferred to the Reorganized Debtors to be the Reorganized Debtors' accrued and unpaid ordinary course expenses incurred after March 4, 2025. |
| | |

| | |
|---|---|
| **Second Earnest Money Deposit** | Prior to approval of the Non-Binding LOI, the Proponent will wire to the Reorganized Debtors' counsel $400,000 to be held in trust by the Reorganized Debtors' counsel for the benefit of the Proponent and from and after the approval by the Bankruptcy Court of the Non-Binding LOI, Reorganized Debtors' counsel shall: (i) transfer $250,000 to the Reorganized Debtors to be solely used by the Reorganized Debtors to pay the base monthly rent due to the Reorganized Debtors' landlords for the month of March 2025; and (ii) $150,000 shall be held by the Reorganized Debtors' counsel to pay: (a) up to $140,000 of the Reorganized Debtor's reasonable professional fees and costs incurred in April 2025; and (b) up to $10,000 to pay the fees and expenses of the Subchapter V Trustee accrued after the Effective Date, with any excess amounts not so used as specified herein returned to the Proponent (the "**Second Earnest Money Deposit**"). The Second Earnest Money Deposit shall be non-refundable, except to the extent not used for the express stated purposes herein.<br><br>If the Non-Binding LOI is not approved by the Bankruptcy Court and the Proponent transferred the Second Earnest Money Deposit prior to such approval, the Reorganized Debtors' counsel shall immediately wire an amount equal to the Second Earnest Money Deposit to the Proponent.<br><br>If in lieu of the transactions described herein, the Reorganized Debtors seek approval of a letter of intent, term sheet, modification of the Confirmed Plan, a sale, financing, merger, or consolidation, or other similar transaction (an "**Alternative Transaction**"), the Reorganized Debtors shall pay to the Proponent an amount equal to the aggregate of the First Earnest Money Deposit and the Second Earnest Money Deposit (provided the same has been funded) from the non-refundable deposit provided pursuant to such Alternative Transaction which non-refundable deposit in an amount equal to the First Earnest Money Deposit and the Second Earnest Money Deposit shall be a condition of any such Alternative Transaction. |
| **Refundable Earnest Money Deposit** | Subject to: (i) execution of the Non-Binding LOI following the approval of the Bankruptcy Court; (iii) funding of the Second Earnest Money Deposit; and (iv) the concurrent the filing of the Plan Modification (defined below) and the Modification Motion (defined below): (i) the Proponent will wire to the Reorganized Debtors $500,000 to be held in trust for the benefit of the Proponent (the "**Proponent Refundable Earnest Money Deposit**")[2] If the Modified Plan Effective Date Occurs, the Proponent Refundable |

---

[2] The First Earnest Money Deposit, the Second Earnst Money Deposit, and the Proponent Refundable Earnest Money Deposit are hereinafter collectively referred to as the "**Deposits**".

| | |
|---|---|
| | Earnest Money Deposit shall be disbursed to the Reorganized Debtors to fund the Reserves (defined below) to fund the payments to be made under the Modified Plan; and (ii) if this Non-Binding LOI terminates, the Proponent Refundable Earnest Money Deposit shall be returned, transferred and paid concurrently therewith, by wire-transfer, to the Proponent. |
| **Conversion Motion** | The Conversion Motion shall not be heard by the Bankruptcy Court on a date that is earlier than the hearing on confirmation of the Modified Plan which date shall be no later than April 30, 2025. |
| **Modification of Confirmed Plan** | Within five (5) Business Days after execution of this Non-Binding LOI and subject to the funding of the Proponent Refundable Earnest Money Deposit: (i) the Proponent shall prepare and file a modification of the Confirmed Plan (which may be in the form of a modified plan of reorganization) (the **"Plan Modification,"**) and (ii) the Reorganized Debtors shall prepare a motion to modify and confirm the Confirmed Plan (the **"Modification Motion"**), which Plan Confirmation and Modification Motion shall conform to the terms and conditions set forth herein, otherwise be in form and substance reasonably acceptable to the Proponent. The Reorganized Debtors shall promptly seek an Order of the Bankruptcy Court approving the Modification Motion and the Plan Modification and confirming the modified Confirmed Plan (the **"Modified Plan"**), and shall comply with the requirements of the Bankruptcy Code and the Bankruptcy Rules with respect to notice of the Modification Motion to be given to all parties in interest and any consents, votes or solicitations that may be required and shall take reasonable efforts to obtain approval of the Plan Modification and confirmation of the Modified Plan. |
| **Plan Modification Terms** | |
| **Administrative Claims** | |
| - Post Effective Date Accrued and Unpaid Ordinary Course Expenses | On the date that the conditions to the effectiveness of the Modified Plan are satisfied, or waived in accordance with their terms, and the Modified Plan becomes effective (the **"Modified Plan Effective Date"**), the accrued and unpaid allowed ordinary course expenses of the Reorganized Debtors incurred after the Effective Date (to the extent not paid from the Deposits as provided for herein), excluding Allowed Professional Fees accrued before the Effective Date (and described below) but including amounts owed to the Reorganized Debtors' landlords for rent due from February 2025 to the date of rejection of the applicable leases, shall be paid Pro Rata along with |

| | | |
|---|---|---|
| | | other Allowed Administrative Claims from the Allowed Administrative Claims Reserve. |
| | - Post Effective Date Accrued and Unpaid And Allowed Professional Fees and Expenses | On the Modified Plan Effective Date, the accrued and unpaid and allowed Professional Fees and Expenses incurred after the Effective Date (to the extent not paid from the Deposits as provided for herein) shall be paid Pro Rata along with other Allowed Administrative Claims from the Allowed Administrative Claims Reserve. |
| | - Professional Fees as of the Effective Date, as approved by the Bankruptcy Court | On the Modified Plan Effective Date, the accrued and unpaid and allowed Professional Fees and Expenses incurred prior to the Effective Date as allowed by the Bankruptcy Court shall be paid Pro Rata along with other Allowed Administrative Claims from the Allowed Administrative Claims Reserve. |
| | - US Foods Settlement | On the Modified Plan Effective Date, the remaining amounts due and owing under the US Foods Settlement shall be paid Pro Rata along with other Allowed Administrative Claims from the Allowed Administrative Claims Reserve. |
| | - Lease Rejection Administrative Claim | On the Modified Plan Effective Date, the allowed amount of the Lease Rejection Administrative Claim (defined below) shall be paid Pro Rata along with other Allowed Administrative Claims from the Allowed Administrative Claims Reserve. |
| | - Treatment of Class 1 – SBA's Secured Claim | **Confirmed Plan Treatment:**<br><br>SBA's Secured Claim (approximately $300,000 in principal plus interest under the Confirmed Plan) reinstated on the Effective Date and paid in accordance with the terms of the EIDL Loan.<br><br>**Modified Plan Treatment: No Change**<br><br>SBA's Secured Claim (approximately $300,000 in principal plus interest under the Confirmed Plan) reinstated on the Effective Date and paid in accordance with the terms of the EIDL Loan. |
| | - Treatment of Class 2 – | **Confirmed Plan Treatment:** |

| | | |
|---|---|---|
| | Other Secured Claim | Each Holder of an Other Secured Claim (approximately $48,857.00 under the Confirmed Plan) shall receive: (i) reinstatement of the Allowed Secured Claim; or (ii) value that leaves such Allowed Secured Claim otherwise unimpaired.<br><br>**Modified Plan Treatment:**<br><br>Each Holder of an Other Secured Claim shall receive on the Modified Plan Effective Date the collateral securing its respective Other Secured Claim in full and complete satisfaction thereof and any remaining unsecured claim shall be paid Pro Rata along with the Class 3 Allowed General Unsecured Claims from the Allowed General Unsecured Claims Reserve. Following approval of the Non-Binding LOI, the Reorganized Debtors will undertake to surrender all financed equipment subject to liens of the equipment lessors to the equipment lessors. A counterparty to a equipment lease with the Reorganized Debtors shall have thirty (30) days from the date of the Modified Plan Effective Date to file a proof of claim. |
| - | Treatment of Class 3 General Unsecured Claims Under the Confirmed Plan – Modified Plan Treatment (Approximate amount of Claims asserted under the Confirmed Plan - $110,000,000) | **Confirmed Plan Treatment:**<br><br>Pro rata payment in monthly installments from Disposable Income commencing in June 2027 and ending on the Last Distribution Date (Confirmed Plan estimated amount of total payments $260,840).<br><br>**Modified Plan Treatment:**<br><br>Each Holder of an Allowed General Unsecured Claim shall receive on the Modified Plan Effective Date in full and complete satisfaction thereof and a Pro Rata payment from the Allowed General Unsecured Claims Reserve. |
| - | Treatment of Class 4 | **Confirmed Plan Treatment:**<br><br>Existing Equity Interests unimpaired.<br><br>**Modified Plan Treatment:** |

| | | |
|---|---|---|
| | | Existing Equity Interests unimpaired. |
| | | |
| | - Treatment of Leases Assumed Under The Confirmed Plan | The real property leases assumed under the Confirmed Plan shall be rejected on the Modified Plan Effective Date, if not earlier rejected (the "**Rejected Leases**"). Following approval of this Non-Binding LOI, by the Bankruptcy Court, the Reorganized Debtors shall promptly surrender possession of the Rejected Leases and file a motion with the Bankruptcy Court approving the rejection of the Rejected Leases *nunc pro tunc* as of the date of surrender of possession. A counterparty to a Rejected Lease shall have thirty (30) days from the date of rejection to file a proof of claim.<br><br>On the Modified Plan Effective Date, the allowed claim of a landlord under a Rejected Lease that is an allowed administrative claim shall be paid Pro Rata along with other Allowed Administrative Claims from the Allowed Administrative Claims Reserve.<br><br>On the Modified Plan Effective Date, the allowed general unsecured claim of a landlord under a Rejected Lease shall be paid Pro Rata along with the Class 3 Allowed General Unsecured Claims from the Allowed General Unsecured Claims Reserve. |
| | - Treatment of Executory Contracts (Other Than Real Property Leases) Assumed Under The Confirmed Plan | The executory contracts (other than real property leases) assumed under the Confirmed Plan shall be rejected on the Modified Plan Effective Date, if not earlier rejected (the "**Rejected Contracts**"). Following approval of this Non-Binding LOI, by the Bankruptcy Court, the Reorganized Debtors shall promptly file a motion with the Bankruptcy Court approving the rejection of the Rejected Contracts. A counterparty to a Rejected Contract shall have thirty (30) days from the date of rejection to file a proof of claim.<br><br>On the Modified Plan Effective Date, the allowed general unsecured claim of a counterparty to a Rejected Contract shall be paid Pro Rata along with the Class 3 Allowed General Unsecured Claims from the Allowed General Unsecured Claims Reserve. |
| | - Sale of Other Assets | All of the assets of the Reorganized Debtors' assets shall be sold to the Proponent under the Modified Plan on the terms and conditions provided for herein, **provided, however**, such assets will not include the Reorganized Debtors' real property leases (which will be rejected) or financed equipment (which shall be surrendered to the equipment lessor) (the "**Assets**"), and the Modified Plan will incorporate provisions to effectuate the same, including, among other things: |

|  |  |
|---|---|
|  | <ul><li>Pursuant to the Modified Plan and Sections 363, 365 and 1123 of the Bankruptcy Code the Assets shall be sold free and clear of all claims, liens and interests.</li><li>The purchase price for the Remaining Assets shall be two million dollars ($2,000,000.00) (the "Cash Purchase Price Portion") plus the assumption of the payment obligations on the EIDL loan under the Modified Plan (the "Purchase Price"). The aggregate of the First Earnest Money Deposit, Second Earnest Money Deposit, the Proponent Refundable Deposit shall be credited against the Cash Purchase Price Portion and the net amount thereof paid on the Modified Plan Effective Date (the "Net Cash Portion of the Purchase Price").</li><li>The Proponent will pay to Reorganized Sticky's the Net Cash Portion of the Purchase Price on the Modified Plan Effective Date, and Reorganized Sticky's shall use the Deposits and the Net Cash Portion of the Purchase Price to fund: (i) the Allowed Administrative Claims Reserve to be held and used by the Reorganized Sticky's on the terms and conditions set forth herein, and (ii) the Allowed General Unsecured Claims Reserve to be held and used by Reorganized Sticky's on the terms and conditions set forth herein, in each case, as described more fully below.</li></ul> |
| - Funding of Modified Plan | Funds made available by: (i) the Deposits remaining at the Modified Plan Effective Date; (ii) the Net Cash Portion of the Purchase Price; and (iii) the assumption of the EIDL loan payment obligations (collectively, the "**Plan Funding**") shall be the sole source of funding for, and payment of obligations pursuant to, the Modified Plan. Satisfactory proof of the availability of the Net Cash Portion of the Purchase Price shall be provided to the Reorganized Debtors prior to the hearing on the Modification Motion. |
|  |  |
| - Reserves | Under the Modified Plan, Reorganized Sticky's will establish the Allowed Administrative Claims Reserve and the Allowed General Unsecured Claims Reserve (collectively, the "**Reserves**").<br><br>On the Modified Plan Effective Date, the Allowed Administrative Claims Reserve shall be funded with the Deposits and the Net Cash Portion of the Purchase Price held by the Reorganized Debtors on the Modified Plan Effective Date less $260,840.00 (which shall be used to fund the Allowed General Unsecured Claims Reserve), and shall be used to first pay all professional fees incurred by the Reorganized Debtors to resolve Disputed Administrative Claims and the out of pocket expenses incurred to make distributions on account of the |

| | |
|---|---|
| | Allowed Administrative Claims, and second to make Pro Rata payments to the holders of Allowed Administrative Claims.<br><br>On the Modified Plan Effective Date, the Allowed General Unsecured Claims Reserve shall be funded with $260,840.00, and shall be used to first pay all professional fees incurred by the Reorganized Debtors to resolve Disputed General Unsecured Claims and the out of pocket expenses incurred to make distributions on account of the Allowed General Unsecured Claims, and second to make Pro Rata payments to the holders of Allowed General Unsecured Claims. |
| - Conditions to Effectiveness of Modified Plan | - The Assets shall be sold to the Proponent in accordance with the terms and conditions of the Non-Binding LOI.<br>- The Assets shall be sold free and clear of all claims, liens and interests, the Proponent shall have the protections of Section 363(m) of the Bankruptcy Code, and the Bankruptcy Court shall find, among other things, that the Proponent is in good faith and provided fair value for the Assets purchased.<br>- The Modified Plan and the order of the Bankruptcy Court confirming the Modified Plan shall conform to the terms and conditions of this Non-Binding LOI and shall otherwise be in form and substance reasonably satisfactory to the Proponent.<br>- The Modified Plan shall be confirmed and be effective on or before April 30, 2025.<br>- The order of the Bankruptcy Court approving the Plan Modification and the Modification Motion, and confirming the Modified Plan and approving the sale of the Assets free and clear of all liens, claims and interests and shall be in form and substance consistent with this Non-Binding LOI, and otherwise in form and substance reasonably satisfactory to the Proponent.<br>- This Non-Binding LOI shall have not been terminated.<br>- The Reorganized Debtors shall not have determined to pursue an Alternative Transaction.<br>- The Chapter 11 Cases have not been converted to Chapter 7, or dismissed. |
| - Discharge, Debtors' Releases and Injunctions Upon Effectiveness | - The Debtors' discharge under the Confirmed Plan, and the Debtors' Releases under the Confirmed Plan, and the injunctions under the Confirmed Plan shall be modified under the Modified Plan to be effective upon the Modified Plan Effective Date. As of the Modified Plan Effective Date, the Assets shall vest in the Proponent free and clear of all claims, liens and interests. |

| | |
|---|---|
| Of Modified Pan | |
| **Implementation of the Modified Plan** | The Plan Modification and the Modified Plan shall include provisions providing that on and after the Modified Plan Effective Date:<br><br>a. The amount of an Allowed Claim under the Modified Plan shall take into account the prior application, if any, of the First Earnest Money Deposit and the Second Earnest Money Deposit to pay such claims.<br><br>b. The First Earnest Money Deposit (to the extent remaining), the Second Earnest Money Deposit (to the extent remaining) and the Proponent Refundable Earnest Money Deposit shall be applied on the Modified Plan Purchase Price as a credit to the Cash Purchase Price Portion.<br><br>c. The Plan Funding (excluding the assumption of the EIDL loan payment obligations) shall be used by Reorganized Sticky's to fund the Reserves and the Reserves shall be used by Reorganized Sticky's to make the payments as specified herein and the Reserves shall be the only source of recovery for the payments required to be made under the Modified Plan (except for the payment obligations under the EIDL Loan which will be assumed by the Proponent).<br><br>d. Allowed claims (excluding amounts owing on account of the EIDL Loan) to be paid under the Modified Plan shall solely be paid from the Reserves as provided for herein. The Reserves shall be established as segregated accounts to pay allowed claims as they are allowed and come due under the Modified Plan pursuant to the terms of the Modified Plan.<br><br>d. Allowed Claims, and Disputed Claims after such Disputed Claim becomes an Allowed Claim, in each case, shall be paid as soon as practicable in accordance with the terms and conditions of the Modified Plan.<br><br>e. The Confirmed Plan shall be modified to provide for a claims allowance process as provided for herein.<br><br>f. The Assets shall be assigned, transferred, conveyed and transferred to the Proponent under the Modified Plan, per the terms and conditions of the Non-Binding LOI.<br><br>g. Each of the Reorganized Debtors (other than Reorganized Sticky's) shall be deemed dissolved, liquidated and wound-up; Reorganized Sticky's shall be authorized to implement the Modified Plan and to |

| | |
|---|---|
| | take such action as it elects to implement the dissolutions of the other Reorganized Debtors; any claims against the Reorganized Debtors shall be treated in accordance with the Modified Plan; all equity interests in the Reorganized Debtors (other than Reorganized Sticky's) shall be cancelled; and each Reorganized Debtor's Chapter 11 Case (other than Reorganized Sticky's Chapter 11 Case) shall be closed following the Modified Plan Effective Date. |
| **Changes To Confirmed Plan** | The Confirmed Plan shall be modified by the Modified Plan consistent with the terms and conditions of this Non-Binding LOI and otherwise shall be incorporated into the Modified Plan and continue to be in full force and effect. |
| **Miscellaneous Provisions** | . |
| Bankruptcy Jurisdiction, Choice of Law, Jury Trial Waiver | The Bankruptcy Court shall have exclusive jurisdiction to adjudicate any dispute with respect to this Non-Binding LOI. Delaware law shall govern the interpretation of this Non-Binding LOI, without application of conflicts of law principles. Each party waives any right to a jury trial in connection with any dispute with respect to this Non-Binding LOI. |
| Notices | Any notice to be provided, or any delivery of any document or communication, under or in connection with this Non-Binding LOI shall be by electronic transmittal as follows:<br><br>**To the Reorganized Debtors:**<br><br>Jamie Greer<br>jamie@stickys.com<br><br>**With a copy to:**<br><br>Pashman Stein Walder Hayden, P.C.<br>824 North market Street<br>Suite 800<br>Wilmington, DE 19801<br>Attn: John W. Weiss<br>jweiss@pashamanstein.com<br><br>**To the Proponent:**<br><br>Harker Palmer Investors LLC |

|  | 2121 N California Blvd, Suite 410<br>Walnut Creek, CA 94596<br>Attn: James Hart<br>jhart@harkerpalmer.com<br><br>**With a copy to:**<br><br>Goodwin Procter<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018<br>Attn: Michael H. Goldstein<br>mgoldstein@goodwinlaw.com |
|---|---|
| Fees and Costs | Each party hereto shall be responsible and bear their own fees and costs in connection with the negotiation, preparation, execution, and implementation of the Proposed Transaction. |
| Termination | This Non-Binding LOI shall terminate (unless waived in writing by the Proponent) by its terms on the first to occur of: (i) the Conversion Motion is not adjourned to a date no earlier than April 30, 2025; (ii) if the Second Earnest Money Deposit is not funded on or before three (3) Business Days after entry of the Order approving the Non-Binding LOI; (iii) if the Chapter 11 Cases are converted or dismissed; (iv) if the Reorganized Debtors determine to pursue an Alternative Transaction; and (v) if the Modified Plan is not confirmed on or before April 30, 2025. |

**Acknowledged and Agreed As Of March 30, 2025**

**Harker Palmer Investors, LLC**

By: _____

James R. Hart, Managing Member

**Acknowledged and Agreed As Of March 31, 2025**

**The Reorganized Debtors**

By: _____
Name: Jamie Greer

_____