

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

In re: Sticky's Holdings LLC, et al., 1 Reorganized Debtors. Chapter 11 Case No. 24-10856 (JKS) (Jointly Administered)

## LIMITED OBJECTION OF PAUL ABRAHAMIAN TO DEBTORS' PROPOSED ASSUMPTION AND ASSIGNMENT OF THE TERMINATION AGREEMENT

I, Paul Abrahamian ("Objector" or "Founder"), a founding Member of Sticky's Holdings LLC ("Debtors"), respectfully submits this Limited Objection to the Debtors' proposed assumption and assignment of the Termination Agreement (the "Agreement," also referred to as the "Separation Agreement" in Debtors' filings), under their modified plan of reorganization (the "Plan"). For the reasons set forth below, the Agreement is unenforceable, inequitable, and detrimental to the estate, and its assumption and assignment should be denied under 11 U.S.C. § 365 absent independent judicial review of its validity and the circumstances of its execution.

## INTRODUCTION

The Bankruptcy Code does not permit assumption of a contract that is void under applicable law or one whose continued enforcement would frustrate the equitable aims of reorganization. The Agreement at issue here is defective as a matter of contract law, raises unresolved concerns related to governance and fiduciary oversight, and, if incorporated into the Modified Plan, threatens to compromise the integrity of the restructuring process.

## FACTUAL BACKGROUND

- I am the creator and co-founder of Sticky's Holdings LLC
- The Agreement lacks essential terms, including duration, renewal, or termination provisions, rendering it unenforceable under fundamental contract law principles.
- The Agreement has been used to extinguish Objector's membership and governance rights, suppress stakeholder participation, and perpetuate governance instability, contributing to mismanagement, financial deterioration, and the closure of all operating stores.
- Prior litigation seeking to enforce the Agreement was dismissed on January 2, 2025, due to Debtors' failure to retain counsel, highlighting the Agreement's infirmities and Debtors' governance failures.
- Debtors' characterization of the Agreement as a "Separation Agreement" in filings is misleading, obscuring its true function and evading proper judicial scrutiny.

**ARGUMENT**

**I. The Agreement Is Void and Unenforceable**

**A. Indefiniteness**

The Agreement fails to specify essential terms, such as duration, renewal, or termination mechanics, rendering it void *ab initio* under basic contract principles. *See Restatement (Second) of Contracts §§ 33, 36 (1981); Klamath Water Users Protective Ass'n v. Patterson, 204 F.3d 1206, 1210 (9th Cir. 1999); Kirkland v. NYSE, 521 F.3d 135, 139 (2d Cir. 2008).* Its lack of legal vitality precludes assumption under § 365.

**II. The Agreement Is Inequitable and Detrimental to the Estate**

**A. Extinguishment of Property Interests**

The Agreement purports to terminate Objector's membership and governance rights, extinguishing protected property interests without due process. This overreach destabilizes the estate's governance structure and violates fundamental fairness.

**B. Perpetuation of Governance Failures**

By marginalizing Objector's oversight role, the Agreement has facilitated governance instability, mismanagement of store operations, and financial deterioration, culminating in the closure of all operating stores. Its assumption would exacerbate these harms, undermining the estate's prospects for reorganization and creditor recovery.

**III. Assumption and Assignment Violate 11 U.S.C. § 365 and Core Principles**

**A. Section 365 Requirements**

Under 11 U.S.C. § 365(b)–(c), assumption of an executory contract is permissible only if the contract is enforceable and benefits the estate. The Agreement satisfies neither criterion due to its legal infirmities and detrimental impact on the estate, including impaired creditor recoveries. *See In re MF Global Holdings Ltd., 535 B.R. 596, 606 (Bankr. S.D.N.Y. 2015).*

**B. Procedural Fairness**

Debtors' misleading characterization of the Agreement as a "Separation Agreement" obscures its true purpose and evades scrutiny. The Plan lacks a mechanism for a fair hearing

on the Agreement's validity or the propriety of Objector's removal, violating due process and Subchapter V's requirement for judicial oversight of assumption and assignment.

**C. Uncertain Application of Chapter 11, Subsection 5**

The recent enactment of Subsection 5 of Chapter 11 introduces an untested legal framework with limited judicial guidance. Applying it to a defective contract raises unresolved questions of statutory interpretation and constitutional due process, warranting caution and denial of assumption absent clear precedent.

### IV. Prior Litigation Reinforces Unenforceability

The Debtors' prior attempt to enforce the Agreement was dismissed on January 2, 2025, for failure to retain counsel, underscoring the Agreement's foundational weaknesses and the Debtors' ongoing governance instability. This dismissal further justifies rejecting its assumption and assignment.

### RELIEF REQUESTED

For the foregoing reasons, Objector respectfully requests that the Court:

1. Deny the assumption and assignment of the Agreement under 11 U.S.C. § 365;
2. Require the complete exclusion of the Agreement from confirmation of the Plan; and
3. Condition any reconsideration of assumption or assignment on a full, independent review of the Agreement's terms and the circumstances surrounding its execution.

### CONCLUSION

The Debtors' insistence on assuming and assigning the Agreement is an affront to contract law, the Bankruptcy Code's equitable principles, and the goal of effective reorganization. The Agreement's unenforceability, inequitable impact, and role in governance failures demand its exclusion from the Plan. Objector respectfully urges the Court, as steward of justice, to reject the assumption and assignment of this flawed Agreement.

Dated: May 29, 2025 New York, New York

Respectfully submitted,

/s/ Paul Abrahamian Paul Abrahamian Founder and Objector

cc: Counsel for Debtors, United States Trustee, Parties in Interest

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**
In re: Sticky's Holdings LLC, et al., Reorganized Debtors.
Chapter 11, Case No. 24-10856 (JKS) (Jointly Administered)
**CERTIFICATE OF SERVICE**

I, Paul Abrahamian, hereby certify that on May 29, 2025, at 3:53 PM Eastern Time, I served a true and correct copy of the **Limited Objection of Paul Abrahamian to Debtors' Proposed Assumption and Assignment of the Termination Agreement** in the above-captioned case to the following parties or their attorneys of record via the method indicated below:

**Parties Served**:

- Natasha M. Songonuga, Esq., Subchapter V Trustee
  Archer & Greiner P.C.
  300 Delaware Avenue, Suite 1100
  Wilmington, DE 19801
  Email: nsongonuga@archerlaw.com
- Michael Goldstein, Esq., Counsel for Debtors
  Goodwin Procter LLP
  The New York Times Building, 620 Eighth Avenue
  New York, NY 10018
  Email: mgoldstein@goodwinlaw.com
- John W. Weiss, Esq.
  Pashman Stein Walder Hayden P.C.
  21 Main Street, Suite 200
  Hackensack, NJ 07601
  Email: jweiss@pashmanstein.com
- Jon Lipshie, Esq., United States Trustee Program
  Office of the United States Trustee
  J. Caleb Boggs Federal Building, 844 King Street, Suite 2207
  Wilmington, DE 19801
  Email: Jon.Lipshie@usdoj.gov
- Jamie Greer
  Sticky's Holdings LLC
  Email: jamie@stickys.com
- Alfonse Lugano, Courtroom Deputy for Hon. J. Kate Stickles
  United States Bankruptcy Court, District of Delaware
  824 N. Market Street
  Wilmington, DE 19801
  Email: Al_Lugano@deb.uscourts.gov (mailto:_Lugano@deb.uscourts.gov)

**Method of Service**:
**Electronic Service**: The aforementioned document was transmitted via email to the above recipients at the listed email addresses on May 29, 2025, at 3:53 PM Eastern Time, pursuant to Federal Rule of Bankruptcy Procedure 7005 (incorporating Federal Rule of Civil Procedure 5(b)(2)(E)) and Delaware Local Bankruptcy Rule 5005-4(d), which permit electronic service where recipients have consented or it is customary in the case.

**Additional Service Attempt**:
I attempted to file electronically via PACER on May 29, 2025, but was unable to do so due to restrictions on my filing account. I emailed the objection to the court's helpdesk (helpdeskde@deb.uscourts.gov) in a good-faith effort to meet the May 29, 2025, 4:00 PM filing deadline.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

**Date**: June 3, 2025
**Signature**: _____
**Printed Name**: Paul Abrahamian