IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 7 |
| Sticky's Holdings LLC, *et al.*, | Case No. 24-10856 (JKS) (Jointly Administered) |
| Debtors. | |
| | October 8, 2025 10:05 a.m. |

TRANSCRIPT OF HEARING
BEFORE THE HONORABLE J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE

Appearances:

| | |
|---|---|
| Counsel to Chapter 7 Trustee: | Ashby & Geddes, P.A.<br>By: GREGORY A. TAYLOR, ESQ.<br>500 Delaware Avenue, 8th Floor<br>Wilmington, DE 19899<br>Phone: (302) 654-1888<br>Email: gtaylor@ashbygeddes.com |
| Audio Operator: | Sean Moran, ECRO |
| Transcription Company: | Reliable<br>1007 N. Orange Street<br>Wilmington, Delaware 19801<br>(302)654-8080<br>Email: gmatthews@reliable-co.com |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

# I N D E X

**HEARING REGARDING:**

**Agenda Item No. 2:** Motion of the Chapter 7 Trustee for Entry of an Order (I) Authorizing and Approving the Sale of Substantially All Assets Free and Clear of All Liens, Claims, and Encumbrances, and (II) Granting Related Relief [D.I. 708]

Declarations:

Ricardo Palacio (Chapter 7 Trustee) Declaration
James R. Hart Declaration

(Recorded proceedings commence at 10:05 a.m.

THE COURT: Good morning.

MR. TAYLOR: Good morning, Your Honor. For the record, Greg Taylor of Ashby & Geddes on behalf of Ricardo Palacio, the Chapter 7 Trustee in this matter.

May I proceed?

THE COURT: Yes, of course.

MR. TAYLOR: Thank you, Your Honor. On the agenda, we really only have one matter going forward today and that's the motion to sell substantially all of the assets of the chapter 7 estate.

Your Honor, we filed that motion back on September 9th. And objections were due September 30th. We did file along with the motion, two declarations, one by the Chapter 7 Trustee and one by the representative of the buyer, Mr. James Hart who is on the Zoom today and available for any cross-examination or questions you may have as well as the Chapter 7 Trustee.

On October 1st we did file a certification of counsel along with a blackline and clean version of a revised proposed order that reflects some minor modifications that we made to the order. I'm happy to address any questions or concerns the Court may have. And either now or at an appropriate time I would just move the two declarations into evidence for purposes of the record today.

THE COURT: Okay. Well, I have read your motion and I've read the declarations. And while I'm not opposed to the relief sought, I don't have an adequate record before the Court.

I have, I found the declaration by the purchaser to speak to the actual transaction between the parties, but there were findings in the proposed form of order that I don't have any evidence before the Court. So I am willing to take a brief break so the parties can put on a proffer preferably of the Trustee. But I have a lot of findings in the form of order and I can, I can point you generally to where I'm talking about, but I'm looking at paragraph D has a lot of findings about this transaction and time being of the essence and that type of thing. And there are paragraphs in here regarding notice and business justification in paragraph I making multiple findings for which I have no record of.

So I would, I have findings the purchaser has provided with respect to paragraph G. But, you know, for example, there's, you know, evidence in here that the purchaser, I mean about the Trustee's business justification. I have a simple paragraph declaration.

So I would ask that you take a break and perhaps put on a proffer that could address at a minimum paragraphs D, F, I, and you might want to look at the specificity that's in M. But like I said, I've read all of the papers and I appreciate

that nobody has objected. But given that this is a private sale to an insider, I need a more fulsome record.

MR. TAYLOR: Thank you, Your Honor. Happy to take a break and look through those findings and see what we can do to supplement the record.

THE COURT: Okay. I'm certain that it's, and fortunately you have the Trustee here. So if you could just put on some evidence with respect to those things including the business justification, the process by which and a private sale was accepted from an insider, I would appreciate that.

MR. TAYLOR: Understood, Your Honor.

THE COURT: Okay. So 15 minutes. I'll tell you what. Take whatever time you need, knock on the door when you're ready.

MR. TAYLOR: Thank you, Your Honor.

THE COURT: Okay. Thank you. We stand in recess.

(Recess 10:09 a.m. to 10:34 a.m.)

THE COURT: Please be seated. Okay, Mr. Taylor.

MR. TAYLOR: Thank you, Your Honor. Good morning once again. Thank you for the time --

THE COURT: Certainly.

MR. TAYLOR: -- to work through these issues, Your Honor. I think we've prepared a supplemental proffer to address Your Honor's concerns. Obviously, if I don't touch on something, either Your Honor will let me know or my colleagues

will let me know.

THE COURT: I will. But let me just do one technical thing. Does anybody object to a proffer?

Okay. I hear no one. You may proceed.

MR. TAYLOR: Thank you, Your Honor.

Your Honor, with respect to the findings in paragraph D of the proposed order, Mr. Palacio as the Chapter 7 Trustee would testify as follows.

These cases have been pending in chapter 11 and then converted to chapter 7, but pending in Chapter 11 since April 25, 2024. And those chapter 11 cases were converted to chapter 7 July 10, 2025.

The assets comprising the estate consist primarily of intellectual property and certain estate claims and causes of action.

With respect to the IP assets, Your Honor, the estate does not have sufficient money to pay the carrying costs to carry those assets for an extended period of time. And so obviously the value of those IPs would diminish as time progresses.

The offer that is currently before the Court has a closing deadline requirement of October 31st, 2025. And therefore if we are not able to get this transaction approved and closed by that deadline, we believe that, or the Trustee believes that that would work to the prejudice of the estate,

Your Honor.

With respect to the findings in paragraph F regarding notice, Your Honor, we'd note and to the extent necessary, move it into evidence, the certificate of service that we filed on behalf of the Trustee at Docket item 715. That certificate of service and the service list attached thereto would show that the Trustee served this motion, the parties that are listed in paragraph G of the proposed order.

I would also note as part the proffer and the record here that Your Honor, the buyer prior to filing the sale motion had asked us to serve the motion on many more parties than were ultimately required under the bankruptcy rules. And we were willing to do that, but given the financial state of the estate, we did not have the assets to do that. So we asked the buyer to pay for those costs, and that's why you'll see in the APA as well as I believe it's referenced in the proposed order, as a service deposit of $4,000. So it was very important to the buyer as well as the Trustee to make sure that the entirety of the universe of creditors or potentially interested parties were covered and served with this motion. And we did that, Your Honor.

THE COURT: Okay.

MR. TAYLOR: So not only does that go to sufficiency of service, but also it goes to the good faith of the buyer here.

THE COURT: And the bar.

MR. TAYLOR: With respect to the findings in paragraph I regarding the business justification, Your Honor, we did touch on those, and I'll refer back for myself here, to the motion if I can get there, at paragraphs 17 and 27.

And by way of supplemental proffer from the Trustee, I would submit that the Trustee has determined in his business judgment and based on similar criteria as discussed earlier in the motion that further marketing and a bid procedures process will not be in the best interest of the chapter 7 estates given that the efforts that have already been taken by the debtors and the costs and risks associated with that delay, among other things, there are no funds in the chapter 7 estate to pay, to preserve the assets or fund a more fulsome marketing process. And the trustee submits that a more fulsome marketing process is not necessarily warranted on account of the debtors' prior marketing and sale efforts, but would further note that the proffer that is before the Court is and has always been subject to higher and better offers which not only goes to the business justification, Your Honor, but also to the buyer's good faith here.

And it's in the Trustee's business judgment that the proposed sale transaction in front of the Court today is in the best interest of the chapter 7 estates and we would ask that that transaction be approved.

And then, Your Honor -- just give me a second. Further on the Trustee's business judgment, Your Honor, the sale as I noted before, is the highest and best offer that the Trustee has received to date. The purchase price is he believes is a fair value and a reasonably equivalent value for the acquired assets. And that it's unlikely that any additional time, marketing time or bid process would lead to a higher or otherwise better offer.

And, Your Honor, with respect to the findings in paragraph M of the proposed order, in addition to the declaration of Mr. Hart, which I believe touches on that as well -- let's see. Your Honor, the proposed APA in the Trustee's judgment is a product of extensive good faith arm's length negotiations between himself as professionals and the purchaser, and the purchaser's professionals. He believes that the terms and conditions of the APA are not the product of collusion or bad faith. Frankly, we had some spirited negotiations going back and forth, but very collegial and cooperative at the same time.

There is nothing that the Trustee is aware of that would suggest that the APA is anything but the product of arm's length negotiations. And that in his estimation in judgment, that the purchaser is a good faith purchaser and should be entitled to the protections of Section 363(m) of the Bankruptcy Code.

And finally, Your Honor, the Trustee is not aware of any circumstance or evidence that could be construed as any sort of collusion as between the purchaser and any other party.

THE COURT: Thank you.

MR. TAYLOR: Your Honor, that would conclude my effort at a supplemental proffer. And I would just ask if that touches in all your concerns.

THE COURT: Thank you. Yes. Let me ask before we proceed any further, does anyone wish to cross-examine the declarant with respect to the proffer?

Okay. I hear no one, thank you very much. That was very helpful. Appreciate it.

MR. TAYLOR: Thank you, Your Honor.

THE COURT: Okay. Does anyone else -- I'm sorry, Mr. Taylor, I didn't want to cut your presentation short. Go ahead. Sorry.

MR. TAYLOR: That's all right. I think just for purposes of the record, we would offer the declaration of the chapter 7 Trustee into evidence at this time.

THE COURT: Okay. Let me ask, does anyone object to the admission into evidence of the Chapter 7 Trustee's declaration?

Okay. I hear no one. It's admitted. Does anyone want to cross examine the Chapter 7 Trustee? Okay. Hearing no one, it's admitted uncontroverted.

(Chapter 7 Trustee Declaration entered into evidence.)

MR. TAYLOR: Thank you, Your Honor. And separately, we would move the declaration of Mr. James Hart into evidence.

THE COURT: Does anyone object to the admission of the Hart declaration into evidence? Okay. I hear no one.

Does anyone want to cross-examine Mr. Hart regarding the content of his declaration?

MR. GOLDSTEIN: Your Honor?

THE COURT: Yes.

MR. GOLDSTEIN: Michael Goldstein, Goodwin & Proctor for the buyer.

THE COURT: Can you get towards a mike? I'm having trouble hearing you.

MR. GOLDSTEIN: Sorry. Michael Goldstein, Goodwin & Proctor for the buyer, Your Honor.

I'm not standing to cross-examine my own witness, but to the extent the Court had any questions or wanted a supplemental proffer either on time or the essence or the spirited negotiations, I could provide a quick supplement. But if Your Honor is satisfied with what you've heard from the Chapter 7 --

THE COURT: I am satisfied.

MR. GOLDSTEIN: Thank you, Your Honor.

THE COURT: Thank you.

Okay. Does anyone else want to be heard?

Mr. Taylor, thank you very much for the proffer. It's always important to have a fulsome record, particularly this has been an interesting case and I just want to make sure that the record is full here.

But based on the record that has ben made including the Trustee's proffer and Hart declaration, and absent any objection, I'm prepared to approve the sale motion.

This record reflects that having failed to generate sufficient cash to administer its Subchapter V plan, the debtor here moved to convert the case to chapter 7. And at that time, this is approximately February of 2025, the debtors actively pursued an alternative transaction. The debtors' prior counsel worked diligently to pursue an alternative sale with several parties including a process with Harker Palmer. It's the Trustee's determination that the assets were previously marketed and that further marketing is unnecessary is in his sound business judgment.

Under these facts, the Chapter 7 Trustee, an independent fiduciary's determination, not to pursue further marketing was appropriate.

Also, given the history of this case, a private sale is appropriate. As noted, the debtors ceased operating approximately six months ago, no other party has come forward to bid for these assets. The Trustee represents the value of these assets would diminish if the transaction is not promptly

approved.

Further, Harker Palmer is committed to this process, including having funded a service deposit to share the chapter 7's estate cost of providing additional sale notice here.

And, finally, the sale motion was designed and contained a procedure to allow others to come forward and bid, and no other bidder has come forward. The proposed sale is the only offer, and thus it is the highest and best offer for these assets.

Finally, this evidence shows that the transaction was negotiated at arm's length, in good faith, without collusion, with the parties represented by separate counsel. The record also shows that the purchaser is a good faith purchaser entitled to all of the protections available under Section 363(m).

So under the facts and circumstances of this case, the sale presents the best possible recovery for the estate, is within the sound exercise of the debtors' business, or the Trustee's business judgment, and is in the best interest of creditors. So I will approve it with a couple of comments on the form of order, and I think some of them are simply questions.

MR. TAYLOR: Sure, Your Honor.

THE COURT: So as I understand, the notice here went to all parties who had previously expressed interest in the

assets.

MR. TAYLOR: Correct, Your Honor.

THE COURT: Okay. And I looked at the service list, it looked to me like all the government entities were also included within the service.

MR. TAYLOR: We certainly tried to cover everybody, Your Honor.

THE COURT: Okay. So in, there's a lot of findings in this order, and one of the findings is Finding O with respect to claims bar. So the government bar date in this case isn't until January. How does this work with respect to the government, particularly, let's add a layer of difficulty, the Government shutdown?

MR. TAYLOR: Your Honor, as I read Finding O, it only applies to the purchaser who is buying the assets free and clear. So to the extent the government has claims against the debtor, I don't read anything in O that would bar the government from serving a claim against the debtor.

THE COURT: Okay. I just wanted to make sure that I was reading this provision correctly.

MR. TAYLOR: If your understanding is consistent with mine, I think you are, Your Honor.

THE COURT: Okay. This is just for creditors who had a claim against the debtor cannot pursue a claim against the purchaser.

MR. TAYLOR: That's my understanding.

THE COURT: Okay. All right. It's an odd finding. It's a, I understand it as an ordered paragraph, it's an odd finding paragraph.

Okay. With respect to, I think I'm getting all my, I had a lot of comments that you covered in your proffer, so I appreciate that. So my process is to approve or to authorize you to enter into and not approve the documents. So in the first paragraph, it says the sale motion is granted as set forth in here. And I would change that to say, "and the trustee is authorized to enter into the APA".

MR. TAYLOR: Thank you, Your Honor.

THE COURT: In paragraph 3, the notice paragraph, this is in line 3, it says it's reasonable, sufficient, fair and equitable. It's usually adequate under the circumstances. I'm not sure where this fair and equitable language came from.

MR. TAYLOR: Your Honor, we're fine making that change.

THE COURT: Okay. These are the heaviest of my changes, so I don't want you to think I have a comment on every paragraph.

The third paragraph, and consistent with my approach, I would ask that you say, you know, in line two, is hereby authorized in all respects, and the Trustee is authorized to enter into the APA and all ancillary documents related to and

such documents shall be deemed at full force and effect.

MR. TAYLOR: Your Honor, can you repeat that for me?

THE COURT: So it's the approval of all your documents because I haven't seen all your documents.

MR. TAYLOR: No, I understand, I was --

THE COURT: So I generally just say is hereby authorized in all respects, the Trustee is authorized to enter into the APA and all ancillary documents related thereto, and such documents shall be deemed in full force and effect. Or something similar to that. I just don't know, there may be other documents that you execute, you know, based on IP and that kind of thing that aren't before the Court.

MR. TAYLOR: That's fine, Your Honor.

THE COURT: I think that was all my comments except one nit comment. In the introductory paragraph, and then in paragraph, I think it's one, hold on one second -- oh, paragraph B. The introductory paragraph contains the same jurisdiction language that's in paragraph B, so you might just want to clean that up. Take out B or, it's duplicative. Do you see where I am, Mr. Taylor?

MR. TAYLOR: Yeah, I do, Your Honor.

THE COURT: I'm sorry, I jumped ack to the beginning.

MR. TAYLOR: That's okay, thank you.

THE COURT: It's not a substantive comment, so I just note --

MR. TAYLOR: That's okay, we can take it out of the notice paragraph.

Anything further, Your Honor?

THE COURT: No, but I know you want to close quickly, so should I anticipate an order this afternoon?

MR. TAYLOR: Yes, Your Honor.

THE COURT: Okay. I have first days later today but we'll be on the lookout for your order so we can get it entered today.

Is there anything else the parties need?

MR. TAYLOR: Not from the Trustee, Your Honor.

THE COURT: Okay. I'm happy to see you at this point. I do appreciate the time the parties took this morning. I think a record is important and I appreciate your time.

MR. TAYLOR: Agreed. And thank you for the opportunity, Your Honor.

THE COURT: Thank you all very much. Have a great day. We stand adjourned.

ALL: Thank you, Your Honor.

(Proceedings adjourned 10:52 a.m.)

* * * * *

CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter to the best of my knowledge and ability.

/s/ Theresa Pullan October 14, 2025

Theresa Pullan, CET-780

Certified Court Transcriptionist

For Reliable